Dear Chief Poche:
This office is in receipt of your request for an opinion of the Attorney General in regard to issuance of a Special Commission as Deputy by the Chief of Police. You ask whether the elected Chief of Police can issue a Special Commission without the approval of the Board of Alderman to appoint someone as a Special Deputy who would not receive a salary.
Pursuant to our telephone conversation we have been informed that you are interested in both an honorary commission for an individual who will have no law enforcement powers as well as a special deputy who is trained and has law enforcement power.
This office has recognized that reserve or auxiliary officers have the same authority as an ordinary peace officer, and those who have completed training may carry concealed firearms when "in the actual discharge of official duties subject to the regulations of the law enforcement agencies with which they are affiliated." Atty. Gen. Op. Nos. 95-143, 93-826. In Atty. Gen. Op. No. 95-143 the provisions of R.S. 33:2201(10) were quoted as follows:
 (10) . . . . . a reserve or auxiliary law enforcement officer shall be defined as a volunteer, non-regular, sworn member of a law enforcement agency who serves with or without compensation and has regular police powers while functioning as an agency's representative, and who participates on a regular basis in agency activities including, but not limited to those pertaining to crime prevention or control, and the preservation of the peace and enforcement of the law.
Therefore, in regard to an auxiliary law enforcement officer, whether compensated or not, we must conclude the appointment must have the approval of the Board of Aldermen as other police personnel. It is well settled in accordance with R.S. 33:423 that only the board of alderman may hire or fire police personnel upon the recommendation of the elected Chief of Police.
Moreover, it has been noted that a special police officer using unnecessary or excessive force or unlawful use of police powers by a special police officer during the performance of his duty rendered the municipality as employer liable for resulting injuries or damage. Atty. Gen. Op. No. 77-1160.
We find that an individual with an honorary commission is distinguishable from the auxiliary or reserve officer inasmuch as the former does not have any law enforcement authority, no police department duties, and cannot be considered as police personnel.
In Atty. Gen. Op. 95-143 this office responded to a request concerning the authority extended to private citizens by issuance of "commission cards" by local law enforcement agencies. Therein it was observed that there was no statutory definition of the phrase "commission card" and no specific authority for the issuance of such a card. However, it was concluded an individual does not have police authority notwithstanding the fact that a commission card may have been issued to him. A private citizen does not have the same authority as a law enforcement officer.
Consequently, we find that the issuance of a commission card to an individual as an honorary gesture does not need the approval of the Board of Alderman inasmuch as the elected chief of police is the final authority in the day-to-day operation of his office and equipment. We do not find that an individual with an honorary commission is an employee of the police department, and the issuance of the commission is an act in the day-to-day operation of the police department which does not need approval by the Board of Aldermen.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr